THE CITY OF WATERLOO, Plaintiff-Appellant, v. DENNIS MARKHAM *et al.*, Defendants-Appellees.

Fifth District   No. 5—91—0222

Opinion filed October 5, 1992.

Crowder & Scoggins, Ltd., of Columbia (Mark S. Rohr, of counsel), for appellant.

Dennis M. Field, of Strellis, Nester, Faulbaum & Field, of Waterloo, for appellees.

JUSTICE CHAPMAN delivered the opinion of the court:

The plaintiff, City of Waterloo, brought this action against the defendants, Dennis Markham and Barbara Markham, for violation of the city's zoning ordinances dealing with the posting of free-standing and temporary signs within the city's limits. The trial court allowed the defendants' motions to dismiss on first amendment grounds. We reverse.

On January 30, 1990, the City of Waterloo filed suit in Monroe County, Illinois, against defendants, Dennis Markham and Barbara Markham, seeking to impose a fine for violation of a Waterloo zoning ordinance. The defendants maintained a temporary sign on their private premises which read "No 3 on 3." This sign reflected the Markhams' opposition to a proposed widening of Illinois State Route 3 from two lanes to three lanes through the City of Waterloo.

The complaints alleged that as of December 6, 1989, and each day thereafter, the Markhams maintained a temporary sign at their home in Waterloo, Illinois, in excess of the period permitted by section 4.17(n) of Waterloo's zoning ordinance. Section 4.17(n) prohibits temporary signs from being maintained for a period in excess of 90 days, although time extensions may be granted by the Zoning Board of Appeals.

On March 13, 1990, the defendants filed a motion to dismiss the complaints and asserted that section 4.17(n) violates the United States Constitution (a) by according disparate treatment to commercial and noncommercial speech in violation of the equal protection clause of the fourteenth amendment, (b) by imposing unnecessary restrictions on political speech in violation of the first amendment, and (c) by being vague in violation of both the first amendment and the equal pro-

tection clause of the fourteenth amendment. The court allowed the motion on first amendment grounds.

The Waterloo zoning ordinance, section 4.17(n), reads as follows:

"Temporary signs, such as election signs, shall be allowed for a period not to exceed ninety (90) days, and shall not exceed ten (10) square feet of sign area. Time extensions may be granted by the Board of Appeals."

Temporary signs are defined in section 1.09(b) as:

"A sign, banner, or other advertising device or display constructed of cloth, canvas, cardboard, wallboard, or other light temporary materials, with or without a structural frame, intended for a temporary period of display, such as decorative displays for holidays or public demonstrations."

Plaintiff contends that the trial court's findings that section 4.17(n) violated the free speech aspect of the first amendment were in error.

■ The United States Supreme Court has held that government may impose reasonable restrictions on the time, place, or manner of protected speech, provided the restrictions are justified without reference to the content of the regulated speech, that they are narrowly tailored to serve a significant governmental interest, and that they leave open ample alternative channels for communication of the information. *Ward v. Rock Against Racism* (1989), 491 U.S. 781, 791, 105 L. Ed. 2d 661, 675, 109 S. Ct. 2746, 2753.

■ We first address the content restrictions involved. The principle inquiry in determining content neutrality, in speech cases generally and in time, place or manner cases in particular, is whether the government has adopted a regulation of speech because of disagreement with the message it conveys. (*Ward*, 491 U.S. at 792, 105 L. Ed. 2d at 676, 109 S. Ct. at 2754.) The controlling consideration is the government's purpose. The government, in this case the City of Waterloo, contends that the purpose of these ordinances was purely a matter of aesthetics controlling the appearance of the city by requiring temporary signs to be removed after 90 days, regardless of their content or message.

The defendants allege that section 4.17(n) is not content neutral in that it regulates only temporary election signs as opposed to holiday displays, public demonstrations, or signs advertising the sale of homes. Unfortunately, the defendants have misinterpreted the term "such as election signs" in section 4.17(n) as limiting the ordinance to election and political messages. Such an interpretation, however, is contrary to the plain meaning of the ordinance as a whole. The

quoted words were clearly inserted for illustrative purposes rather than as a limitation to election signs only. This is made all the more apparent by section 1.09, where a temporary sign (which would thus be subject to section 4.17(n)) is defined as "[a] sign, banner, or other advertising device or display *** such as *decorative displays for holidays or public demonstrations.*" (Emphasis added.)

Contrary to their claims, defendants have failed to demonstrate that the ordinances do not apply equally to commercial as well as to noncommercial signs, and given the ordinance's plain meaning, no such interpretation is warranted. The government's aesthetic purpose has nothing to do with content, and we find the ordinance to be content neutral.

We next determine if section 4.17(n) serves a significant governmental interest. In *Members of City Council v. Taxpayers for Vincent* (1984), 466 U.S. 789, 805, 80 L. Ed. 2d 772, 787, 104 S. Ct. 2118, 2129), the Supreme Court held that the State may legitimately exercise its police powers to advance aesthetic values. Aesthetics have been recognized as a significant interest warranting governmental regulation of signs. *Vincent,* 466 U.S. at 805-07, 80 L. Ed. 2d at 787-89, 104 S. Ct. at 2129-30; *Metromedia, Inc. v. City of San Diego* (1981), 453 U.S. 490, 69 L. Ed. 2d 800, 101 S. Ct. 2882; see also Quadres, *Content-Neutral Public Forum Regulations: The Rise of the Aesthetic State Interest, the Fall of Judicial Scrutiny,* 37 Hastings L.J. 439 (1986).

The next question is whether section 4.17(n) is sufficiently narrowly tailored to serve the governmental interest. A regulation of the time, place, or manner of protected speech must be narrowly tailored to serve the government's legitimate content-neutral interest. So long as the means chosen are not substantially broader than necessary to achieve the government's interest, the regulation is not invalid. (*Ward,* 491 U.S. at 800, 105 L. Ed. 2d at 681, 109 S. Ct. at 2758.) The City of Waterloo seeks to discourage and prevent the unsightly clutter and inevitable deterioration intrinsic to temporary signs. Section 4.17(n) does this with clear specificity, workable efficiency and complete content tolerance. Thus, the means chosen are not substantially broader than necessary.

Finally, we determine if the ordinance leaves open ample alternative channels for communication of the information. Section 4.17(n) easily meets the requirement. As plaintiff points out, numerous methods of communication remain available to the defendants, and other citizens as well, including handbills, radio, newspaper, bumper stickers, and window signs. But what is most important is section 4.17(n)'s

liberal provision for temporary signs themselves. Nothing in the ordinance prohibits the defendants from erecting a different temporary sign one day after dismantling their first temporary sign. The city's ordinance leaves open an ample and identical channel of communication.

As one commentator has noted:

"This is not to say that every content-neutral law that restricts the opportunities for free expression is unconstitutional. Rather, in recognition that some limitations may be justified by countervailing governmental interests, the Court generally tests content-neutral restrictions with an implicit balancing approach: the greater the interference with the marketplace of ideas, *the greater the burden on government to justify the restriction.*" (Emphasis added.) (Stone, *Content-Neutral Restrictions*, 54 U. Chi. L. Rev. 46, 58 (1987).)

Since the defendants, and others, can abide by the requirements of section 4.17(n) and still communicate their ideas by simply erecting a new temporary sign after the 90 days expire, there is very little, if any, interference with the marketplace of ideas. Therefore, we conclude that section 4.17(n) is valid and reverse the trial court.

Reversed and remanded.

GOLDENHERSH, P.J., and WELCH, J., concur.